UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JOE POLANCO**,

    Petitioner,

v.        **CIVIL NO. 03-1015 BB/RHS**

**RON LYTLE, Warden**,

    Respondent.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Respondent's Motion to Dismiss filed October 7, 2003. (Doc. No.10 ). Petitioner has not responded to the motion. The United States Magistrate Judge, having considered the motion together with the pleadings on file in the above captioned cause and being otherwise fully advised in the premises, finds that the Motion to Dismiss is well taken and recommends that it be granted.

### PROPOSED FINDINGS

1. Petitioner is currently incarcerated in a New Mexico correctional facility pursuant to the Judgments and amendments to those judgments of the Third Judicial District Court, County of Dona Ana, State of New Mexico in case Nos. CR 96-625, CR 01-210,and CR-01-529. (Answer, Exhibits A, F, H, J, K, M, O). Petitioner is proceeding pro se and in forma pauperis.

2. In CR 96-625, Petitioner pled guilty to fraud over $2500, insurance fraud (three counts), forgery and perjury. He was sentenced to ten and one-half years which was suspended.

Petitioner was placed on five years probation. On July 17, 2001, the Petitioner pled guilty to two counts of forgery (CR-2001-210), one count of fraud over $20,000 (CR-2001-529) and admitted to violating his probation.

    3. Petitioner was sentenced to a total of fourteen and one-half years for his probation violation and the two 2001 cases. Judgments were entered of record on July 18, 2001 (Answer, Exhibits G, J, M). On November 16, 2001 (CR-1996-625 and CR-2001-529) and November 27, 2001 (CR-2001-210) amended judgments were entered. (Answer, Exhibits K, O). On January 28, 2003, Petitioner filed a motion seeking an additional amendment to his judgments, which was denied on February 4, 2003 (Answer, Exhibits P,Q).

    4. On June 17, 2003, Petitioner filed a state petition for writ of habeas corpus. Answer, Exhibit R). The writ was denied on July 1, 2003. (Answer , Exhibit S) He filed additional motions to amend the judgments which were denied on July 28, 2003. (Answer Exhibits T, U, V). Polanco filed a petition for Writ of Certiorari in the New Mexico Supreme Court in his state habeas case which was denied August 4, 2003. (Answer, Exhibit X). Petitioner filed his Application for the Writ of Habeas Corpus in federal court on August 29, 2003.[Doc. No. 1].

    5. Respondents answered and moved to dismiss the petition as time-barred. Alternatively, respondents argue that claim three is procedurally defaulted and that all of Polanco's claims are insufficient to support relief.

    6. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, § 101, 110 Stat. 1321 (codified at 28 U. S. C. § 2244( d)), amended federal habeas corpus procedures by adding a one-year statute of limitations for § 2254 petitions. AEDPA became effective on April 24, 1996. See United States v. Simmonds, 111 F. 3d 737, 745 n. 10

(10th Cir. 1997). AEDPA applies to all cases filed after that date. See Lindh v.Murphy, 521 U. S. 320 (1997).  This period of limitations runs from the latest of four possible dates:  (A) the date on which the judgment of conviction became final; (B) the date on which the impediment to making a section 2255 motion created by governmental action in violation of the Constitution or United States law is removed; (C) the date on which the right asserted by the movant was initially recognized by the United States Supreme Court (if said right is newly recognized by the Court and made retroactively applicable to cases on collateral review); or (D) the date on which the facts supporting the asserted claim could have been discovered through the exercise of due diligence.  28 U. S. C. §2244 (d)( 1).

7.  Petitioner had thirty ( 30) days from the entry of the Amended Judgment and Order Partially Suspending Sentence  in case No CR 2001-0210 in which to seek  review of that order, or until December 27, 2001.  The Petitioner's one-year  statute of limitations for filing his federal Petition for Writ of Habeas Corpus began to run at the latest on December 28, 2001, the day after that amended judgment became final.  The one-year limitations period established by AEDPA expired one year later, or December 28, 2002.

8.   The AEDPA limitations period is tolled  for any time during which Polanco had pending a properly filed application for State post-conviction or other collateral review. 28 U. S. C. § 2244( d); Hoggro v. Boone,150 F. 3d 1223, 1226 (10th Cir. 1998)   State proceedings filed outside the limitations period do not count toward tolling. See Fisher v. Gibson,  262 F. 3d 1135, 1142 (10th Cir. 2001) ( Fisher's petitions cannot be tolled for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until after April 24, 1997, the end of the limitations period), cert. denied, 122 S. Ct. 1789 (2002).

9. In this case, the Petitioner filed five applications for state post-conviction review after the November 27, 2001 Amended Judgment and Order Partially Suspending Sentence was entered. Petitioner filed a Motion to Reconsider on January 29, 2003, a state Petition for Writ Habeas Corpus on June 17, 2003, two Motions to Amend Judgment and Sentence on July 28, 2003, and a Petition for Writ of Certiorari on July 25, 2003. The time during which these matters were pending cannot be added onto the tolling period, since they were filed after the limitations period had already expired.

10. The one-year statute of limitations may be equitably tolled, however, when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control. Marsh v. Soares, 223 F. 3d 1217, 1220 (10th Cir.), cert. denied, 531 U. S. 1194 (2001). Equitable tolling is appropriate only in rare and exceptional circumstances. Gibson v. Klinger, 232 F. 3d 799, 808 (10th Cir. 2000).

11. Petitioner has not responded to the Motion to Dismiss and has not brought forth any facts in his petition or correspondence which would support the doctrine of equitable tolling. See, Miller v. Marr, 141 F. 3d 976, 978 (10th Cir. 1998), cert. denied, 525 U. S. 891 (1998). Because Petitioner has failed to demonstrate that he diligently pursued his claims and that his failure to timely file was caused by extraordinary circumstances beyond his control, he has not met his burden of showing that equitable tolling should be applied. Accordingly, federal review of the present petition is barred because it is untimely. Given the Court's recommended disposition of the timeliness issue, it is unnecessary for the Court to address respondents' alternative arguments concerning procedural default and failure to state a claim.

**RECOMMENDED DISPOSITION**

IT IS HEREBY RECOMMENDED that Respondents' Motion to Dismiss be GRANTED and that the §2254 Petition for a Writ of Habeas Corpus be DISMISSED as time- barred.

THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U. S. C. §636 (b)( 1). A party must file any objections within the ten (10) day period if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

*Robert Hayes Scott*
_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE